**WALOSCHAK, Admr v KATWARNECKY**

Ohio Appeals, 7th Dist, Mahoning Co

Decided Oct 28, 1932

John A. Willo, Youngstown, for plaintiff in error.

Geo. Edwards, Youngstown, for defendant in error.

POLLOCK, J.

Motion was filed by defendant in error asking for dismissal of the action because there was a failure of necessary parties defendant. On that motion being filed, and in fact after hearing before this court disposed of it, there was a motion filed by plaintiff asking leave to amend the petition in error and making the other necessary parties, parties defendant, and upon that motion it is submitted at this time.

The time for bringing an action on the judgment rendered below had expired prior to this motion being heard, so the question arises, can you amend a petition in error, and second, had the statute of limitations run against these parties who were not made defendants in error so that it would be useless to make it.

Sec 11363 GC, so far as we need refer to it reads:

"Before or after judgment, in furtherance of justice and on such terms as it deems proper, the court may amend any pleading, process or proceeding, by adding or striking out the name of any party."

So if this section includes actions in error the petition can be amended making new parties, and the Supreme Court has disposed of that question in the case of **Railway Company v Bailey, 70 Oh St, 88,** holding that an amendment can be made in error proceedings as well as in the Common Pleas Court. We then come to the question whether the statute of limitations for making these parties defendant had expired. §11230 GC reads as follows:

"An action shall be deemed to be commenced within the meaning of this chapter, as to each defendant, at the date of the summons which is served on him or on a co-defendant, who is a joint contractor or otherwise united in interest with him."

So that under this section the action is commenced not only against the defendant Paraska at the time summons is served upon her but on the co-defendants who are united in interest with her. Now, the other two parties were united in interest with the parties made defendants in error, because they were all charged jointly with the com-

mission of this fraud in becoming the beneficiaries in these insurance policies, and the Supreme Court has disposed of the question whether this section applies to an error proceeding in the case of **Snider's Exrs. v Young et, 72 Oh St, 494:**

"When some of the plaintiffs in a joint judgment are made parties defendant to a petition in error to reverse the judgment and their appearance in the proceeding has been effected by service of process or otherwise, within the statutory limit for commencing proceedings in erorr, the proceedings must be deemed commenced, not only as to such defendants, but also as to all other persons united in interest with them, so as to stop the running of the statutes of limitations in favor of such other persons who are not made defendants."

This disposes of this question that this section applies notwithstanding the time for beginning error proceedings against these two defendants and expired, yet the action against the other defendant, the statute had not run.

There is another proposition urged in this case and that is possibly the demurrer was only filed by the party who was made defendant in error and the judgment dismissing the action was only made by the one party. We do not think that affects it. The action was dismissed. It was a judgment entered in the case and affects all three of the parties defendant. In other words, it relieved them from the action, and the motion to amend the petition and make new parties is granted.

ROBERTS and FARR, JJ, concur in the judgment.